# United States Tax Court

T.C. Summary Opinion 2026-7

EHIMWENMA E. AIMIUWU AND KEHINDE F. AIMIUWU,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 5576-24S.                    Filed August 10, 2026.

————

Ehimwenma E. Aimiuwu and Kehinde F. Aimiuwu, pro sese.

*Huiwen A. Xi*, *Vandyke Kotoroka-Yiadom*, *Courtney S. Bacon*, and *Sandreea L. Woods*, for respondent.


## SUMMARY OPINION

CARLUZZO, *Special Trial Judge*:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the Petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

In a Notice of Deficiency (Notice) dated April 8, 2024, respondent determined a deficiency in petitioners' 2021 federal income tax.[2] References to petitioner are to Ehimwenma E. Aimiuwu.

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2] A section 6651(a)(1) addition to tax and a section 6662(a) accuracy-related penalty are also determined in the Notice, but those items have been conceded by respondent and will not be discussed further.

The issue for decision is whether petitioners are entitled to deductions claimed on Schedule C, Profit or Loss From Business, included with their 2021 Form 1040, U.S. Individual Income Tax Return (return). According to respondent, those deductions, if otherwise deductible, should have been claimed by a corporation organized and controlled by petitioner or petitioners. With the possible exception of a $49,986 deduction for a "Donation" (donation deduction) claimed on the Schedule C, petitioners now agree that the deductions for the other expenses are not properly claimed on their return. They argue, however, that the donation deduction can properly be deducted on Schedule A, Itemized Deductions, included with the return instead of on Schedule C.

*Background*

Petitioners are married to each other; they have two children who were teenagers during the year in issue. When the Petition was filed, petitioners lived in Georgia. At all times relevant petitioner, who holds several postgraduate degrees, was employed as a college professor, and Kehinde F. Aimiuwu was employed as an information technology professional.

On May 16, 2008, petitioner incorporated Edofolks, Inc., as a "Domestic Profit Corporation" under the laws of the State of Georgia. According to petitioners, Edofolks, Inc., sold books through in-person visits to college campuses and through the Internet. At all times relevant, petitioner or petitioners owned all of Edofolks, Inc.'s stock.

No income is reported on the Schedule C. The $79,136 net loss shown on that Schedule C includes the donation deduction and is taken into account in the $123,385 adjusted gross income shown on the return. With the possible exception of the donation deduction, all of the expense deductions claimed on the Schedule C relate to Edofolks, Inc., a point not disputed by petitioners.

The return was prepared by a paid income tax return preparer. According to petitioners, the mistakes on the return, that is, deducting corporate expenses on the Schedule C and claiming the donation deduction on the Schedule C rather than on Schedule A, were made by their return preparer. According to petitioners, at the time the return was filed the return preparer was "old and sick" and advised them to deduct the corporate expenses on the return because Edofolks, Inc., had no income during 2021. Talk about bad advice.

The donation deduction, according to petitioners, is based upon a cash contribution made to an organization identified as "Aimiuwu.com. Inc." The deduction is not supported by any written confirmation from the donee or any other document that substantiates the contribution.

*Discussion*

I. *Corporate Expenses Claimed by Petitioners*

Except for the donation deduction, petitioners now agree that they are not entitled to deduct the expenses reported on the Schedule C. Little else needs to be said on the point. Their agreement is entirely consistent with fundamental principles of federal income taxation that establish that a corporation and its shareholders are separate and distinct taxpayers, and one taxpayer is not entitled to deduct otherwise deductible expenses of another taxpayer. *See Moline Props., Inc. v. Commissioner*, 319 U.S. 436 (1943); *see also Deputy v. du Pont*, 308 U.S. 488 (1940); *Columbian Rope Co. v. Commissioner*, 42 T.C. 800 (1964). Respondent's adjustments that disallow those deductions are sustained.

II. *Donation Deduction*

Section 170 allows deductions for contributions made during a taxable year to qualifying organizations. A charitable contribution made in "cash" must be substantiated by at least one of the following: (1) a canceled check; (2) a receipt from the donee charitable organization showing the name of the donee, the date of the contribution, and the amount of the contribution; or (3) in the absence of a canceled check or receipt from the donee charitable organization, other reliable written records showing the name of the donee, the date of contribution, and the amount of the contribution. *See* § 170(f)(17).

Petitioners now argue that the donation deduction claimed on the Schedule C should have been claimed as an itemized deduction on the Schedule A. However, they have presented no written evidence that satisfies the statutory scheme that permits such deductions. Nor have they presented anything that would support a finding that the donee is described in section 170(c).

Regardless of how the donation deduction should have been taken into account in the computation of petitioners' 2021 federal income tax liability, it is their burden to establish their entitlement to it. Offering only petitioner's testimony on the point, they have failed to do so. Respondent's disallowance of the donation deduction is sustained.

To reflect the foregoing,

*Decision will be entered under Rule 155.*